PRACTICE.

JOHN SELLERS *vs.* WM. W. BISHOP, for the use of JOHN REEVES.

*Certiorari.*

An affidavit of illegality reaches nothing, prior to the judgment.

In this case, several grounds of error were alleged, in the petition : 1st. That Bishop never had any interest, in the account sued; 2nd. that the Court gave judgment, without any proof, to establish the account ; 3rd. that one of the Court appeared as counsel, in said case ; 4th. that the verdict of the Jury, on the trial of an affidavit of illegality, filed in said case, was erroneous, because it was proven, by Sellers, who was the defendant in the Court below, that he had paid off said account, to said Bishop, subsequent to the date thereof. The return of the Magistrate shews, that the suit was brought upon an account, for blacksmith's work, done by the said Bishop, which was legally established. That there was no plea filed, and no defence made. That judgment was entered, and execution issued, and levy made ; and that the defendant then swore to the illegality. And it appears, from the facts stated in the petition, that the illegality was taken, upon grounds, which existed, anterior to the judgment, and that the illegality was not sustained. The return is not full, as to all the matters stated in the petition. But, no exception having been taken to the same, the Court must decide upon the facts, as they appear. There being, then, no defence made at the trial, and judgment having been rendered against the defendant, he ought, if he was dissatisfied with said judgment, to have entered an appeal, or, if there was error committed by the Court, he ought to have applied then, for a Certiorari, to have corrected that error. But, it seems he preferred relying upon an affidavit of illegality, the principal ground of which was, that the debt had been paid, not since the judgment, but at some period, subsequent to the date of said account. A party can not swear to the illegality of the execution, upon a ground, which existed before the judgment ; but ought to set up such matter, as a defence, on the trial. There is, then, nothing, from which it appears, in this case, that there was any error committed, either by the Court, or Jury. It is, therefore, ordered, that the Certiorari be dismissed, and that the proceedings below stand affirmed.